**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MICHAEL JOSEPH EMERY,

    Plaintiff,

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION
LLC, and WELLS FARGO BANK,
N.A.,

    Defendants.

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MICHAEL JOSEPH EMERY (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and WELLS FARGO BANK, N.A. (hereinafter "Wells Fargo") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

1

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Experian and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the CRA's, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION, VENUE, AND PARTIES**

6.     Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Osceola County, Florida; the violations described in this Complaint occurred in this District; and the Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.     Wells Fargo is an FDIC insured bank headquartered at 420 Mongomery Street in San Francisco, California 94104 that upon information and belief conducts business in the State of Florida.

17.     Wells Fargo is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

18.     Wells Fargo furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

19.     Plaintiff has been a victim of identity theft for several years.

4

20.     Plaintiff has a credit account with Wells Fargo, account number ending in x8795, as to a credit card (hereinafter "Wells Fargo Account").

21.     In or about the end of December 2023, Plaintiff received an alert through his credit monitoring account that his credit score had decreased.

22.     Upon receiving that alert, Plaintiff reviewed his credit file and was surprised to see the Wells Fargo Account was reporting as overcharged.

23.     Shortly thereafter, Plaintiff reviewed his Wells Fargo Account and became aware of unauthorized and fraudulent charges to the Wells Fargo Account.

24.     The next day Plaintiff called Wells Fargo to dispute the charges but was unable to verify his identity.

25.     Shortly thereafter, Plaintiff visited a local Wells Fargo branch and met with a Customer Representative named Patricia who assisted with starting a fraud investigation.

26.     During that visit to the Wells Fargo branch, the Wells Fargo Customer Representative, Patricia and Plaintiff were able to ascertain that a Wells Fargo checking account was opened in Plaintiff's name and Plaintiff's old information in or about September/October 2023 without Plaintiff's knowledge or authorization.

27.     This unauthorized checking account was then used to access and take over Plaintiff's Wells Fargo Account for the fraudulent charges.

28.     Upon review of the billing statement of the Wells Fargo Account in or about December 2023, Plaintiff observed that over $24,000 in unauthorized charges were made in a span of approximately three (3) weeks and all charges were made in the State of Virginia.

29.     During the time of the fraudulent and erroneous charges, Plaintiff was in the State of Florida and was not in Virginia.

30.     On or about December 21, 2023, Plaintiff filed a police report (report number 23-007382) with the St. Cloud Police Department, located in St. Cloud, Florida regarding the fraudulent activity.

31.     In or about January 2024, Plaintiff received the Wells Fargo Account billing statement and was surprised to observe the total balance due was reduced to $9,000.

32.     Shortly thereafter, Plaintiff disputed with Experian and Trans Union to dispute the fraudulent Wells Fargo Account balance that was reported to his credit file.

33.     On or about February 3, 2024, Trans Union responded to Plaintiff's dispute by stating the Wells Fargo Account was verified as accurate and updated to reflect a still inaccurate balance of $7,584.

34.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

35.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

36.     Upon information and belief, Trans Union notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

37.     Despite Plaintiff notifying Experian of the inaccurate reporting, Plaintiff did not receive a response from Experian in the mail. Experian failed to conduct any investigation as to Plaintiff's dispute.

38.     Upon review of Plaintiff's Experian credit report dated February 4, 2024, Plaintiff observed the disputed Wells Fargo account was still reporting an inaccurate with a $7,584 balance.

39.     On or about February 4, 2024, Plaintiff learned that Wells Fargo processed two (2) automatic payments without Plaintiff's authorization totaling over $1,900 despite the account being flagged as fraud.

40.     On or about February 8, 2024, Plaintiff obtained a copy of his Trans Union credit report. Upon review, Plaintiff observed the Wells Fargo Account continued to be reported with a status of closed and a new balance of $7,414.

41.     Due to the inaccurate reporting, on or about February 14, 2024, Plaintiff submitted a detailed dispute letter to Experian and Trans Union concerning the

inaccurate and erroneous balance being reported. Plaintiff explained the Wells Fargo Account was reporting an inaccurate balance. Plaintiff included an image of his driver's license and Social Security card to confirm his identity. Plaintiff also included images of the erroneous credit reporting, images of billing statements from Wells Fargo, and images of the report number and officer information for the St. Cloud Police Department police report.

42.     On or about February 27, 2024, Trans Union responded to Plaintiff's detailed dispute letter by stating the Wells Fargo Account information was verified as accurate and updated.

43.     Despite providing Trans Union with all the relevant information needed to prove the Wells Fargo Account was inaccurate, Trans Union continued to report the inaccurate account balance.

44.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

45.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

46.     Upon information and belief, Trans Union notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

47.    On or about March 7, 2024, Experian responded to Plaintiff's detailed dispute letter by stating the Wells Fargo Account information remains as accurate.

48.    Despite providing Experian with all the relevant information needed to prove the Wells Fargo Account was inaccurate, Experian continued to report the inaccurate account balance.

49.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

50.    Experian never attempted to contact Plaintiff during the alleged investigation.

51.    Upon information and belief, Experian notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

52.    On or about March 18, 2024, Plaintiff submitted another detailed dispute letter again to Experian and Trans Union concerning the inaccurate and erroneous balance being reported. Plaintiff explained the Wells Fargo Account was reporting an inaccurate balance. Plaintiff included an image of his driver's license and Social Security card to confirm his identity. Plaintiff also included images of the erroneous credit reporting, images of billing statements from Wells Fargo, and

images of the report number and officer information for the St. Cloud Police Department police report.

53.     On or about March 29, 2024, Trans Union responded to Plaintiff's detailed dispute letter by stating the Wells Fargo Account had been deleted.

54.     On or about April 10, 2024, Experian responded to Plaintiff's detailed dispute letter by stating the Wells Fargo Account remains as accurate.

55.     Despite providing Experian with all the relevant information needed to prove the Wells Fargo Account was inaccurate, Experian continued to report the inaccurate account balance.

56.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

57.     Experian never attempted to contact Plaintiff during the alleged investigation.

58.     Upon information and belief, Experian notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

59.     On or about April 15, 2024, Plaintiff reviewed his Experian credit report and the Wells Fargo account was inaccurately being reported a status of "Closed, $732 past due", with a balance of $8,125.

60.     Plaintiff remained helpless that Experian refused to believe him as to the fraudulent balance of the Wells Fargo account.

61.     On or about August 27, 2024, Plaintiff reviewed his Experian credit report, and the Wells Fargo account was inaccurately being reported a status of "Closed. $1,920 past due", with a balance of $9,002.

62.     On or about September 19, 2024, Plaintiff submitted another detailed dispute letter to Experian concerning the inaccurate and erroneous balance being reported. Plaintiff explained the Wells Fargo Account was reporting an inaccurate balance. Plaintiff included an image of his driver's license and Social Security card to confirm his identity. Plaintiff also included images of the erroneous credit reporting, images of billing statements from Wells Fargo, and images of the report number and officer information for the St. Cloud Police Department police report.

63.     On or about October 14, 2024, Experian responded to Plaintiff's detailed dispute letter by stating the Wells Fargo Account remains as accurate.

64.     Despite providing Experian with all the relevant information needed to prove the Wells Fargo Account was inaccurate, Experian continued to report the inaccurate account balance.

65.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

66.    Experian never attempted to contact Plaintiff during the alleged investigation.

67.    Upon information and belief, Experian notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

68.    On or about October 31, 2024, Plaintiff submitted another detailed dispute letter to Experian concerning the inaccurate and erroneous balance being reported. Plaintiff explained the Wells Fargo Account was reporting an inaccurate balance. Plaintiff included an image of his driver's license and Social Security card to confirm his identity. Plaintiff also included images of the erroneous credit reporting, images of billing statements from Wells Fargo, and images of the report number and officer information for the St. Cloud Police Department police report.

69.    As of the filing of this Complaint, Experian continues to report negative and inaccurate information on Plaintiff's credit report regarding the Wells Fargo Account, and therefore, Plaintiff's damages are on-going.

70.    As of the filing of this Complaint, Wells Fargo continues to furnisher the inaccurate Wells Fargo Account information to Experian, therefore, Plaintiff's damages remain on-going.

71.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the errors;

    iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

    iv.   Reduction in credit score;

    v.   Apprehensiveness to apply for credit due to the fear of rejection; and

    vi.   Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Experian Information Solutions, Inc. (Negligent)**

72.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

73.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

74.     Experian allowed for a Furnisher to report inaccurate information on an account.

75.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

76.     Experian violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with proof of the St. Cloud Police Department police report, which contained sworn testimony of the fraud.

77.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

78.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

79.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

80.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

81.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

82.     Experian allowed for a Furnisher to report inaccurate information on an account.

83.     Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

84.     Experian violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with proof of the St. Cloud Police Department police report, which contained sworn testimony of the fraud.

85.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

86.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

87.     Plaintiff is entitled to recover costs and attorney's fees Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

88.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

89.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

90.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Wells Fargo.

91.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

92.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

93.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

94.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

95.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

96.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Wells Fargo.

97.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

98.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

99.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

100.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

101.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

102.   Trans Union allowed for a Furnisher to report inaccurate information on an account.

103.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

104.   Trans Union violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with proof of the St. Cloud Police Department police report, which contained sworn testimony of the fraud.

105.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and

apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

106.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

107.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

108.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

109.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

110.   Trans Union allowed for a Furnisher to report inaccurate information on an account.

111.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

112.   Trans Union violated its own policies and procedures by not deleting the inaccurate information when Plaintiff provided them with proof of the St. Cloud Police Department police report, which contained sworn testimony of the fraud.

113.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

114.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

115.   Plaintiff is entitled to recover costs and attorney's fees Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union (Negligent)

116.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

117.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

118.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Wells Fargo.

119.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

120.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

121.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

122.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

24

123.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

124.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balance, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Wells Fargo.

125.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

126.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

127.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT IX
### Violation of 15 U.S.C. § 1681s-2(b) as to
### Defendant, Wells Fargo Bank, N.A. (Willful)

128.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-one (71) as if fully stated herein.

129.   Wells Fargo furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

130.   After receiving Plaintiff's disputes, Wells Fargo violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

131.   Plaintiff provided all the relevant information and documents necessary for Wells Fargo to have identified that the account balances were fraudulent and inaccurate.

132.   Wells Fargo did not have any reasonable basis to believe that Plaintiff was responsible for the account balances reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Wells Fargo by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balances belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

133.   Wells Fargo violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

134.   As a direct result of this conduct, action and/or inaction of Wells Fargo, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

135.   The conduct, action, and inaction of Wells Fargo was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

136.   Plaintiff is entitled to recover costs and attorney's fees from Wells Fargo in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award actual damages against Defendant, WELLS FARGO BANK, N.A., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Wells Fargo Bank, N.A. (Willful)

137.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-one (71) as if fully stated herein.

138.   Wells Fargo furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

139.   After receiving Plaintiff's disputes, Wells Fargo violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to

accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

140.   Plaintiff provided all the relevant information and documents necessary for Wells Fargo to have identified that the account balances were fraudulent and inaccurate.

141.   Wells Fargo did not have any reasonable basis to believe that Plaintiff was responsible for the account balances reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Wells Fargo by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balances belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

142.   Wells Fargo violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

143.   As a direct result of this conduct, action and/or inaction of Wells Fargo, Plaintiff suffered damages, including without limitation, by loss of the ability to

benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

144.   The conduct, action, and inaction of Wells Fargo was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

145.   Plaintiff is entitled to recover costs and attorney's fees from Wells Fargo in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, WELLS FARGO BANK, N.A., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MICHAEL JOSEPH EMERY, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and WELLS FARGO BANK, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 31st day of October, 2024.

Respectfully Submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers, PLLC
501 E Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

**/s/ *Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers, PLLC
501 E Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Primary Email:

Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*